FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 0 7 2010 ★
BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSEPHINE CASTALDI<br>Plaintiff<br>v.<br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br>and<br>COHEN & SLAMOWITZ, LLP<br>Defendants | § § § § § § § § § | Case No.: 10-5671<br>ORIGINAL COMPLAINT AND JURY DEMAND<br>IRIZARRY, J.<br>GO, M.J. |

Plaintiff, JOSEPHINE CASTALDI ("CASTALDI") brings suit against Defendants PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO") and Cohen & Slamowitz LLP ("Cohen") for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692.

### A. JURISDICTION AND VENUE.

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the FDCPA Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

2. Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Brooklyn, New York.

3. Plaintiff is an individual who resides in Brooklyn, NY.

4. Defendants PORTFOLIO RECOVERY ASSOCIATES, LLC, a corporation organized under the laws of the State of Delaware, with its principle office at 120 Corporate Blvd. Suite 100 Norfolk, Virginia, 23502. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY

12231. The Secretary of State may then forward a copy of the summons and complaint to the address listed with its office, 120 Corporate Blvd. Suite 100 Norfolk, Virginia, 23502.

5. Defendant Cohen & Slamowitz LLP is a limited liability partnership organized under the laws of the State of New York, with its principle office at 199 Crossways Park Dr, PO Box 9004, Woodbury, New York 11797. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The Secretary of State may then forward a copy of the summons and complaint to the address listed with its office, 199 Crossways Park Dr, PO Box 9004, Woodbury, New York 11797.

### B. STATEMENT OF FACTS

6. Plaintiff Josephine Castaldi is the victim of identity theft. On or about December 24, 2009 now-defendant Portfolio Recovery Associates, LLC ("Portfolio") filed a collections lawsuit regarding the fraudulent debt. Suit was filed co-defendant Cohen & Slamowitz LLP ("Cohen").

7. Defendants Portfolio and Cohen are each "debt collectors" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

8. Specifically, Portfolio purchases consumer debts after default with the original putative creditor and attempts to collect those debts, either directly or through its agents, such as defendant Cohen.

9. The face value of the accounts owned by Portfolio in 2009 is $52.9 billion in 2009, according to its website. Portfolio purchased charged off consumer debt for 2 – 3 cents on the dollar on average, according to the documents on its website.

10. Cohen is a debt collection law firm that regularly attempts to collect alleged consumer

2

debts via litigation, collection letters, and telephone calls.

11. All communications to and from Cohen described below are also communications to and from Portfolio, as Cohen is the law firm and agent of Portfolio.

12. On or about January 15, 2010, Castaldi sent Cohen a letter informing it that collections lawsuit filed by Cohen on December 24, 2010 was for a debt that was the result of identity theft.

13. On or about January 19, 2010, Castaldi sent Cohen another letter again informing Cohen that the debt it was seeking to collect was the result of identity theft. Along with the letter Castaldi attached the sworn identity theft affidavit promulgated by the Federal Trade Commission. Castaldi was very clear with Cohen: she demanded that the suit be dismissed as Cohen was on notice that the debt was the result of identity theft. Otherwise, Plaintiff stated, "I will be forced to hire a New York attorney to defend myself in Kings County, NY at a substantial cost which will place substantial financial stress on myself."

14. Castaldi was forced to retain an attorney to defend her in the collections lawsuit as Cohen refused to dismiss the case. Castaldi retained counsel to defend her in the collections lawsuit. Counsel filed an answer to the collections lawsuit on January 28, 2010 and served discovery demands that same day. The amount that Castaldi had to pay her attorney to defend against a collections lawsuit for a debt that is the result of identity theft are actual damages that Castaldi can recover in this FDCPA lawsuit.

15. Cohen then sent ex parte correspondence to Castaldi shortly after counsel filed an appearance on her behalf and, on information and belief, after Cohen was on notice that Castaldi was represented by counsel.

16. The only "proof" Cohen ever provided regarding the putative account with Capital One

3

was contained in correspondence dated February 23, 2010. Along with the letter from Cohen was a purported credit card statement listing a different person as the card holder, with a different putative original creditor (HSBC Bank), with an address the never belonged to Castladi, and an account number that does not match the putative account number Cohen represented in its collections lawsuit and collections letters was the one for the alleged account.

17.	Despite the overwhelming evidence that the putative debt did not belong to Castladi, Cohen and Portfolio refused to agree to an unconditional stipulation of discontinuance with prejudice. On information and belief, Cohen and Portfolio refused to a stipulation of discontinuance with prejudice because they wished to be able to continue to collect on the debt. That is exactly what happened.

18.	On or about March 31, 2010, Portfolio made an end run around counsel, and sent an ex parte collections letter directly to Castaldi. The demand letter now listed two different purported original creditors. However, neither of the purported original creditors nor the putative original account number matched the putative cardholder statement produced by Cohen. Further, either Cohen or Portfolio made ex parte collection calls on the account to Castaldi well after the filing of the answer of counsel for Castaldi.

19.	Via letter dated February 23, 2010, Cohen stated that it was "closing our file at this time, and we are returning same to our client." It is unclear as to what this means as Cohen has continued the collections lawsuit, and that collection lawsuit is pending as of the filing of this complaint.

20.	In any case, given that Portfolio sent an ex parte collection letter, on information and belief Cohen returned the account to Portfolio without disclosing that Castaldi was represented

4

by counsel, that Castaldi disputed the debt, that Castaldi provided an identity theft affidavit, or that the only "proof" Cohen has regarding the debt was the above referenced credit card statement listing a different cardholder, a different creditor, a different account number, and a different address.

21. In the alternative, Cohen did disclose this information to Portfolio, but Portfolio continued to collect the debt by sending collection letters, making phone calls, and representing to third-parties that Castaldi owed the debt without disclosing that she disputed the debt.

22. Regardless of whether Cohen informed Portfolio of the above facts, Portfolio is still liable. The FDCPA is a strict liability statute, so the knowledge or intent of the debt collector is generally not relevant. In any case, as Portfolio is represented by counsel, Cohen, representations to or from Cohen are representations to or from Portfolio.

23. When Cohen filed the collections lawsuit, no attorney at the firm provided meaningful attorney review of the facts alleged in the suit. When Cohen sent Castaldi collection letters prior to the filing of the answer in the collections lawsuit by her attorney, no attorney at Cohen provided meaningful attorney review of the facts alleged in the letters.

24. Cohen and Portfolio represented an amount due in the collection letters that rolled in the index fee, the service of process fee, and other fees and expenses related to the filing and serving of the collections lawsuit.

### COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

25. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

26. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt

collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir.2002) (holding that "Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope"). Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance").

27. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

28. Each Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

29. The obligation alleged by Defendants in the underlying action, in the dunning letters, and in the telephone calls is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. Defendant PORTFOLIO purchased the debt that formed the basis of the underlying lawsuit after it went in default with the alleged original creditor.

31. The actions by Defendants as outlined in the above statement of facts were made in an attempt to collect a debt, or in connection with an attempt to collect a debt.

32. Defendants violated the following sections of the federal Fair Debt Collection Practices Act (the "FDCPA"): 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, 1692g and 1692j.

33. For the reasons outlined in the statement of facts, Defendants each violated the following sections of the FDCPA: 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of

example and not limitation, said defendants violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: misrepresenting the character, status, and amount of the debt; attempting to collect an amount not permitted by law or contract; threatening to take and actually taking an action prohibited by law; using false, deceptive or misleading representations or means; using an unfair or unconscionable means; contacting a consumer represented by counsel; engaging in conduct the natural consequence of which is to harass, oppress any person; failing to cease communications with a consumer after being notified in writing of a demand to do so; communicating or threatening to communicate to any person credit information that is known to be or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and using any false representation or deceptive means to collect or attempt to collect a debt or to obtain information about a consumer.

34. Plaintiff seeks actual damages, statutory damages and attorney's fees and costs.

### C.   JURY DEMAND.

35. Plaintiff demands a trial by jury.

### D.   PRAYER

36. For these reasons, Plaintiff asks for judgment against Defendants for the following:

   i. The above referenced relief requested;

   ii. Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (FDCPA);

   iii. Actual damages within the jurisdictional limits of the court;

   iv. Attorney fees and costs;

   v. Prejudgment and post-judgment interest as allowed by law;

vi. General relief;

vii. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
State of Texas Bar Number: 24012957

The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@NewYorkConsumerAttorney.com

Dated: Brooklyn, NY
       December 7, 2010

/s/

Ahmad Keshavarz
Attorney for Plaintiff

8